## JOSEPH KULAS, ADMR.
*vs.*
## ALFRED P. CZEREPUSZKO ET AL.

Superior Court        Hartford County        File No. 63039

MEMORANDUM FILED SEPTEMBER 23, 1940.

*Googel & Casale,* of New Britain, for the Plaintiff.

*Martin F. Stempien,* of New Britain, for the Defendants.

FOSTER, J.   Broad Street in New Britain runs east and west and is intersected by Gold Street running north and south.   Three hundred feet east of Gold Street, Horace Street runs north from Broad Street.   Broad Street is 40 feet wide

from curb to curb. There is a traffic light in the center of the intersection of Broad and Gold Streets. There are street lights on the northeast corner of Broad and Gold Streets and on the northeast corner of Broad and Horace Streets. There are some stores on the north side of Broad Street between Gold and Horace Streets, which are lighted in the evening. On the south side of Broad Street in this block are a church and vacant land. There is a barber shop on Broad Street about 20 feet west of Horace Street.

On January 29, 1940, at about 6:20 p.m., the plaintiff's decedent came out of the barber shop, walked to the north curb of Broad Street and then proceeded in a southwesterly direction diagonally across Broad Street. When he had nearly reached the south curb of Broad Street he was struck by the right rear mud guard of a Chevrolet automobile driven by the defendant Alfred P. Czerepuszko and, because of the injuries thereby received, died on February 1, 1940.

This defendant (of whom I shall hereafter speak as the defendant) had been driving his automobile east on Broad Street. When he reached Gold Street, he stopped his automobile because the traffic light was red. When the light turned green, he proceeded east, travelling about three feet north of the south curb of Broad Street in second gear at a speed of 15 to 18 miles per hour. He did not see the plaintiff's decedent until the latter was about ten feet directly in front of him. He applied his brakes so hard that they "squealed", turned sharply to his left to avoid striking the pedestrian and, as he did so, sounded his horn with his elbow. When his automobile stopped, he was headed toward the north curb of Broad Street and had not reached the intersection of Broad and Horace Streets.

The defendant in his answer makes no claim that the plaintiff's decedent was guilty of contributory negligence. We, therefore, have only to consider the question as to whether the defendant was guilty of negligence that was a proximate cause of the injuries and death of the plaintiff's decedent. To put the question in the form of the definition of negligence, we must determine whether the defendant conducted himself as a reasonably prudent man would have done under the circumstances then and there surrounding him. He stopped his automobile at the red traffic light at the intersection of Gold

Street; when the light turned green, he proceeded east as a reasonable speed; he drove on his right side of the highway three feet from the south curb; when he did see the plaintiff's decedent directly in front of him, he applied his brakes with much force and turned sharply to his left; he made a quick stop; he avoided striking the pedestrian with the front of his automobile and struck him with his right rear mud guard.

The plaintiff claims that the defendant should have seen the pedestrian in time to so operate his automobile as to avoid striking him.

While we may not consider the conduct of the plaintiff's decedent as constituting contributory negligence, we may consider his conduct as one of the circumstances surrounding the defendant and influencing his conduct. The defendant was not required to use the same degree of care in the middle of the block as he would be required to use at a crosswalk or at a street intersection. He might be held to anticipate that a pedestrian would cross the street at an intersection or at a crosswalk. He cannot be held to anticipate that a pedestrian would cross a highway in a diagonal direction in the middle of a block.

I am of the opinion that the defendant conducted himself as would a reasonably prudent man in the circumstances that surrounded him.

I find that the defendant was not guilty of negligence alleged in the complaint.

Judgment may be entered in favor of the defendants.